# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                           **Case No:   6:16-cv-339-Orl-41DAB**

**HUMBERTO COLLAZO, SR. and ANA R. RIVERA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST HUMBERTO COLLAZO, SR. (Doc. 23)**
>
> **FILED:**     May 5, 2016
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

The United States moves for default judgment against Defendant Humberto Collazo on federal income tax liabilities.  It is respectfully **RECOMMENDED** that the United States' Motion for Default Judgment against Humberto Collazo, Sr. be **GRANTED in part**, as a non-final judgment of default as set forth below.

### Procedural History

On February 25, 2016, the United States filed suit against Defendant Humberto Collazo pursuant to 26 U.S.C. §§ 6321 and 6322, alleging that he has failed to pay federal income tax for the years ending 2003, 2004, 2005, and 2007, and seeking to reduce to judgment the outstanding federal income tax liabilities owed by Collazo. Doc. 1.  The United States also asserted claims

against Collazo's girlfriend, Defendant Ana R. Rivera, to whom Collazo allegedly made fraudulent transfers of $593,649.30 from his SunTrust personal accounts upon learning that his 2003 and 2004 tax returns were under audit. Doc. 1. Defendant Rivera filed an answer on April 6, 2016 (Doc. 9), and default judgment is not sought against her.

The United States personally served Collazo with the summons and a copy of the Complaint on March 15, 2016. Doc. 16. Defendant Collazo failed to file an answer to the Complaint, and the United States obtained a default, pursuant to Federal Rule of Civil Procedure 55(a), from the Clerk on April 20, 2016. Doc. 17. The United States moved for default judgment against Defendant Collazo (only) on May 5, 2016. Doc. 23.

**Service of process**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV, Inc. v. Griffin*, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). Service of Defendant Collazo in this case was proper.

Federal Rule of Civil Procedure 55(a) provides that if a party fails to plead or otherwise defend as provided by the rule, the clerk shall enter default upon the appropriate showing. Fed. R. Civ. P. 55(a). Under Federal Rule of Civil Procedure 4(e)(1), service of a federal Complaint is accomplished as follows:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a district of the United States by:
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . .
> > (2) doing any of the following:
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e). The Affidavit of Service indicates that service was made on Humberto Collazo, Sr. personally on March 15, 2016, which conforms with Rule 4(e)(2)(A). Doc. 16.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the United States' Complaint, including Defendant Collazo's liability for the federal income tax owed. *See, e.g., Cotton v. Massachusetts Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact"); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (same).

**Factual Background**

The United States represents that a delegate of the Secretary of the Treasury gave Collazo notice of the assessments (as described in the table below) and made demand for payment. Doc. 1 at 3; Doc. 23-1, Colt Decl. ¶ 9. According to the Declaration of Ken Colt, IRS Revenue Officer (Doc. 23-1), as of April 15, 2016, the outstanding balance of the tax liability and penalties assessed against Collazo for the tax years 2003, 2004, 2005, and 2007 totals $2,727,214.54. Doc. 23. Despite notice and demand for payment, to date Collazo has not paid the balance due on the federal income tax liabilities assessed against him[1].

Generally, an assessment of federal tax by the Internal Revenue Service is presumed valid if supported by a Certificate of Assessments, Payments, and Other Specified Matters ("Form 4340"). *See, e.g., United States v. White*, 466 F.3d 1241, 1248 (11th Cir. 2006) (holding that the

---

[1] Collazo is not an infant, incompetent, or a person in the military service or otherwise exempted from default judgment under the Service Members Civil Relief Act, 50 App. U. U.S.C. § 501, et seq. See Doc. 23-4, Beckerman Decl. ¶¶ 7-8.

Government's submission of a Form 4340 establishes a presumption that the assessment was properly made); *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1985).  A court may also rely on the sworn declaration of a revenue officer to conclude that a balance remains due on these assessments.  *See, e.g., United States v. Hall*, No. 13-326, 2013 WL 6844099, at *8 (S.D. Ala. Dec. 30, 2013).  A taxpayer has the burden of overcoming the presumption of correctness by proving that the method of computing the tax, and therefore the assessment, is arbitrary and without foundation.  *Olster v. Commissioner*, 751 F.2d 1168, 1174 (11th Cir. 1985) (citing *Mersel v. United States*, 420 F.2d 517, 520 (5th Cir. 1970)).

In this case, a delegate of the Secretary of the Treasury assessed income tax liabilities against Collazo for tax years 2003, 2004, 2005, and 2007, and Collazo has not challenged the assessments. Revenue Officer Colt, who has personal knowledge of the assessments against Collazo, has verified that the Account Transcripts attached to his Declaration are true and accurate and that they show the federal income tax assessments against Collazo. Doc. 23-1, Colt Decl. ¶¶ 7-8.  Thus, the assessments made against made against Collazo are presumptively valid.  *See United States v. Bennett*, 2011 WL 7090744, * 3-*5 (M.D. Fla. June 7, 2011).   Because Collazo has not appeared in this action to rebut the presumption that the assessments against him are correct, judgment should now be entered against Collazo in the amount of $2,727,214.54, as of April 15, 2016, as set forth in the Colt Declaration as follows:

| Tax Year | Assessment Date | Type of Assessment | Amount | Balance Due[2] |
|---|---|---|---|---|
| **2003** | 6/22/09 | Tax assessed by examination | $48,999.00 | |
| | | 26 U.S.C. § 6662 Penalty | $9,799.80 | |
| | | Interest assessed | $21,133.78 | |
| | | | | **$112,365.44** |
| **2004** | 1/11/10 | Tax assessed by examination | $246,108.00 | |
| | | Fraud Penalty | $246,058.50 | |
| | | Interest assessed | $174,787.27 | |
| | | | | **$878,521.01** |
| **2005** | 7/31/06 | Tax assessed by per filed return | $57,356.00 | |
| | | Interest assessed | $471.58 | |
| | | Late payment penalty | $460.89 | |
| | 5/11/09 | Additional tax assessed by exam | $27,479.00 | |
| | | Interest assessed | $2,054.22 | |
| | 10/28/09 | Additional tax assessed by exam | $533,079.00 | |
| | | Fraud Penalty | $399,809.25 | |
| | | Interest assessed | $222,825.66 | |
| | 10/18/10 | Late payment penalty | $63,954.85 | |
| | | | | **$1,574,138.17** |
| **2007** | 09/15/08 | Tax assessed by per filed return | $129,243.00 | |
| | | Failure to prepay penalty | $4,343.48 | |
| | | Late payment penalty | $2,470.37 | |
| | | Interest assessed | $2,296.70 | |
| | 10/18/10 | Late payment penalty | $21,877.06 | |
| | | | | **$162,189.92** |
| | | | | |
| | Total | **Balance Due as of April 15, 2016** | | **$2,727,214.54** |

Doc. 1 at 2-3; Colt Decl. ¶ 6.

**Separate judgments not warranted**

The Government cites as the basis for its entitlement to default Federal Rule of Civil Procedure 55(a) which governs an entry of default; Rule 55(b) governs default judgments. The Government does not cite or discuss Federal Rule of Civil Procedure 54(b), which governs separate judgments and provides as follows:

---

[2] As of April 15, 2016. Balance due reflects accrued interest and statutory additions as allowed by law less any credits, including for payments received. The complete information is attached to Mr. Colt's Declaration as Doc. 23-2 & 23-3.

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals).

A district court considering a motion for entry of final judgment in *Canadyne-Georgia Corp. v. Bank of America*, No. 5:96-CV 114-1DF, 2001 WL 1571002, *1-2 (M.D. Ga. Dec. 5, 2001) discussed the criteria for entering separate judgments:

> The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). First, the district court must determine whether the judgment is final. Second, the district court must determine whether there is any just reason to delay entry of an individual final judgment. Although a decision to certify a judgment under Rule 54(b) is committed to the sound discretion of the district court, the Eleventh Circuit has indicated that this discretion should be exercised conservatively: "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" As to the first prong, the Supreme Court has explained that the judgment at issue "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' . . . As to the second prong, the Eleventh Circuit has directed district courts to balance the judicial administrative interests and relevant equitable concerns. . . . According to the Eleventh Circuit, consideration of the relevant equitable concerns "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay."

*Id.* (citations omitted); *cf. ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc.*, Case No. 6:08-cv-1409-ORL-31DAB, 2008 WL 5231852 (M.D.Fla. Dec 12, 2008) (Presnell, J.) (allowing

final default judgment because of the unlikelihood of multiple appeals and lack of prejudice where lender's claims against third borrower were stayed in bankruptcy).

The Government has not asserted any argument regarding whether a separate judgment is appropriate in this case.

**Conclusion**

It is respectfully **RECOMMENDED** that the United States' Motion For Default Judgment Against Humberto Collazo, Sr. (Doc. 23) be **GRANTED in part** and the District Judge enter a **non-final** judgment against Humberto Collazo, Sr., in the amount of **$2,727,214.54**, as of April 15, 2016, plus statutory interest pursuant to 26 U.S.C. §§ 6621, 6622, accruing from April 15, 2016 until paid, and, once the District Judge reaches a final determination of the claims against Ana R. Rivera[3], final judgment be entered against *both* Defendants.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 4, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] The claim for fraudulent transfer against Defendant Rivera are set for trial on Judge Mendoza's October 2017 trial docket. Doc. 24.